UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARISSA DARLINGH,

    Plaintiff,

    v.

Case No. 22-CV-1355

ADRIA MADDALENI, THERESE FREIBERG,
OPHELIA KING, and MILWAUKEE BOARD OF
SCHOOL DIRECTORS,

    Defendants.

## RULE 26(f) JOINT PRETRIAL REPORT

Plaintiff, Marissa Darlingh, by her attorneys at the Wisconsin Institute for Law & Liberty, and Defendants, Adria Maddaleni, Therese Freiberg, Ophelia King, and the Milwaukee Board of School Directors, by their attorneys at the Milwaukee City Attorney's Office, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f) and the Court's local rules in anticipation of the Rule 16 scheduling conference set for January 11, 2023 at 9:30 am.

The parties submit the following proposed discovery plan:

**1.** **Rule 26(a) Initial Disclosures.** The parties agree to exchange initial disclosures within fourteen (14) days following the ruling on Defendants' forthcoming motion to dismiss the Complaint. In the event the pleadings are amended following the outcome of the motion to dismiss the Complaint, the parties agree to exchange initial disclosures within fourteen (14) days following the filing of all amended pleadings.

**2.** **Disclosure of Experts.** The parties do not anticipate using experts in this case.

3. **Dispositive Motions**. The parties anticipate filing dispositive motions on or before June 1, 2023.

4. **Discovery End Date**. The parties agree that all discovery should be completed by November 30, 2023.

5. **Trial Date**. The parties anticipate that this matter will be ready for trial on or around February 2024.

6. **Subjects and Completion of Discovery**:

   A. **Subjects on which discovery may be needed**. The parties agree that the subjects of discovery may include: The Plaintiff's motivations and intent, damages and mitigation efforts, and defenses to Plaintiff's claims, Defendants' actions and communications related to the first misconduct letter and Plaintiff's termination, and Defendants' actions, communications, and the basis for the second misconduct letter, suspension, and no-trespass order. Discovery may include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) and depositions of the parties and witnesses.

   B. **Disclosures of Discovery of ESI**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. The parties agree that they will produce either a hard-copy version of any formerly or currently electronically-stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, FTP site, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI related costs.

**C.     Procedures Regarding Claims of Privilege and Work-Product Protection**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work-product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work-product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege/protection and seek a court order denying the application of such privilege/protection.

**D.     Limitations on Discovery**. At this time the parties do not propose any changes to the limitations on discovery, which are set forth by the Federal Rules or local rules.

Dated: January 4, 2023

Respectfully Submitted,

WISCONSIN INSTITUTE FOR LAW & LIBERTY

/s/ Luke N. Berg
---
Rick Esenberg (#1005622)
Luke N. Berg (#1095644)
Cara M. Tolliver (#1112818)
Lucas T. Vebber (#1067543)

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414) 727-6385

rick@will-law.org
luke@will-law.org
cara@will-law.org
lucas@will-law.org

*Attorneys for Plaintiff*

MILWAUKEE CITY ATTORNEY'S OFFICE

/s/ James D. Lewis

James D. Lewis (#1113730)
Assistant City Attorney

841 N. Broadway, 7th Floor
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
Jalewis@milwaukee.gov

*Attorneys for Defendants*